## FINCK v. MENKE.

(Supreme Court, Appellate Term. April 16, 1900.)

CONTRACTS—BREACH—DAMAGES.

    One breaking a contract to pay another a certain sum for services, including expenses to be incurred in the performance thereof, is not liable for the full amount of such sum, where the expenses have not been incurred, as there can be no greater advantage derived from a breach of the contract than from the performance.

Appeal from municipal court, borough of Manhattan, Second district.

Action by John Finck against Simon Menke. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

L. L. G. Benedict, for appellant.
Leventritt & Brennan, for respondent.

O'GORMAN, J.   Where a breach of contract occurs, the aggrieved party is not always entitled, by way of damages, to the stipulated compensation.   The recovery must be confined to the actual loss sustained.   It is fundamental that the plaintiff cannot derive a greater advantage from a breach than from a performance.   This rule does not seem to have been followed in the case at bar.   The plaintiff agreed to furnish the defendant a mortgage loan at a cost of $130, which was to cover all expenses, including lawyer's fees as well as brokerage.   The defendant refused to accept the loan, and judgment was awarded against him for $130.   It is obvious that this is more than the plaintiff could hope to receive if the entire transaction had been consummated.   The estimated or probable legal charges and the other expenses incidental to closing a loan, all of which were to be borne by the plaintiff, were evidently not considered in determining the extent of plaintiff's damage.   The plaintiff also urges that the proof failed to establish a refusal to accept the loan under the terms of the agreement.   This contention might be deemed to be well taken, if no evidence other than the written instrument had been received touching the engagement of the parties.   In view of the presence in the case of this parol proof, which was received without objection, we cannot hold that the proofs fail to disclose a breach on defendant's part.   For the error respecting the award of damages, however, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.