ROBERT v. SIRE.[1]

(Supreme Court, Appellate Term. December 26, 1900.)

BROKERS—ACTION FOR COMMISSIONS—FINDINGS—EVIDENCE—SUFFICIENCY.
    Plaintiff sued to recover commissions for obtaining a loan for defend-
    ant, and testified that defendant agreed to pay 1½ per cent. and dis-
    bursements, including lawyers' and brokers' fees, and that the lawyers'
    fees were to be 1 per cent. and disbursements. On cross-examination
    he testified that he told defendant the lawyers' charge would be 1 per
    cent. and disbursements, and that plaintiff's charge would be 1½ per
    cent., and that defendant agreed to pay it. *Held*, that a judgment for
    only one-half per cent. was supported by the evidence, since there was
    no evidence that defendant promised to pay plaintiff the attorney's
    charges, or that plaintiff had promised to pay such amount to the attor-
    ney.

Appeal from municipal court, borough of Manhattan.

1 Opinion rendered by the Associate Justices, after the death of the Presid-
ing Justice, Beekman.

Action by Francis B. Robert against Myer L. Sire. From a judgment in favor of plaintiff for a part of his claim, he appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

James, Schell & Elkus (Abram I. Elkus, of counsel), for appellant. John J. Buckley, for respondent.

GIEGERICH, J.   The plaintiff, a real-estate broker, sues for services and disbursements in procuring for the defendant a loan of $19,000, or, rather, a customer ready to make the loan; the transaction never having consummated in fact. Plaintiff's entire claim is for $345, made up as follows: $95, being one-half of 1 per cent. on the amount of the loan, for his services; $190, being 1 per cent. on that amount that the attorneys charged for searching the title; and the remaining $60 being disbursements made in the course of the search. The justice below rendered judgment for $95 and costs, from which the plaintiff has appealed on the ground that, decision having been made in his favor on the one item, it necessarily follows from the evidence that the other two items should also have been allowed, all being supported by the same proofs. An inspection of the record, however, does not show this to be the fact. The evidence given by the plaintiff as to the making of the contract is as follows:

"Q. What did he [defendant] say to you in reference to your services in obtaining the loan and about having title searched? A. He said he would pay one and a half per cent. and disbursements, including lawyers' and brokers' fees. Q. What were the lawyers' fees to be? A. They were to be one per cent. and disbursements. Q. And your services one and one-half per cent? A. Yes, sir."

And on cross-examination the plaintiff testified:

"I told him [defendant] that Mr. Williams' [the attorney's] charge would be one per cent. and disbursements, and my charge would be one and one-half per cent., and he agreed to pay that."

It is to be noted that there is no statement in this testimony either that the defendant promised to pay the plaintiff the agreed amount of 1 per cent. and disbursements, or that the plaintiff promised to pay the attorney those amounts. The language testified to might well mean that the defendant was to pay the plaintiff for what the latter did, and the attorney or the client who made the loan for what the attorney did, and for the attendant disbursements; the plaintiff being, so far as the latter was concerned, only the defendant's authorized intermediary in making such an offer to the attorney or his client. Finck v. Menke, 31 Misc. Rep. 748, 64 N. Y. Supp. 38. It is evident from the judgment that the justice below did not consider that the right to sue for those sums was vested in the plaintiff by the agreement above. It is evident also from the assignment of this right to the plaintiff, which was offered in evidence, but excluded, because not within the pleadings, that the latter had the same view of the transaction. We also take that view.

The judgment should be affirmed, with costs.