KIERNAN v. BLOOM.

(Supreme Court, Appellate Division, Second Department.   March 4, 1904.)

1. AGENT—RIGHT TO COMMISSIONS.

In an action for commissions for procuring a purchaser for defendant's business, it appeared that plaintiff had agreed with defendant that the business should be advertised for sale in plaintiff's name; that the correspondence and inquiries should be attended to by plaintiff, and that the defendant would pay plaintiff's commission if a sale resulted; and that a sale was made to a person whose attention was drawn to the advertisement inserted by plaintiff. The matter had not been discussed before between defendant and the purchaser, and no other agency at any time intervened to induce the purchaser to open negotiations with the defendant which resulted in the sale of the property. *Held* sufficient to show that plaintiff earned his commission, though the purchaser had previously seen the property, but did not disclose that fact to the plaintiff or his agent, and did not mention the plaintiff or his agent to the defendant, and though the plaintiff did not introduce the purchaser to the defendant, and was not present when the sale was consummated.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Patrick J. Kiernan against John Bloom. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Charles J. Gerlich, Jr., for appellant.
William J. Martin, for respondent.

WOODWARD, J.   It was agreed between the plaintiff and the defendant that the defendant's business should be advertised for sale in the plaintiff's name, that the correspondence and inquiries occasioned by the advertisement should be attended to by the plaintiff, and that the defendant would pay the plaintiff's commissions if a sale resulted. One Stewart had his attention drawn to the advertisement inserted in a newspaper pursuant to this agreement, and in reply thereto communicated with the plaintiff by mail, asking detailed information about the property. The plaintiff thereupon arranged a meeting between his representative and Stewart, and within a day or two after this interview, in which the plaintiff's agent described the property and advised Stewart to purchase it, Stewart opened negotiations personally with the defendant, which resulted in his purchasing the property. The matter of the purchase and sale of the business had not been discussed before between the defendant and Stewart, so far as appears, and no other agency at any time intervened to induce Stewart to open with the defendant the negotiations which resulted in the sale of the property to him. Stewart did not disclose to the plaintiff or his agent that he had previously seen the property, which seems to have been the fact, and one that is made much of, to no discoverable purpose, by the defendant; nor did he mention the plaintiff or his agent to the defendant. The plaintiff did not introduce Stewart to the defendant, and he was not present when the sale was consummated. These are all the essential facts of the transaction. The employment is admitted by the de-

fendant, and the amount of the commissions, if any, to which the plaintiff is entitled, is not disputed by the defendant. The only question is, were the commissions earned?

The sale was effected through the plaintiff's agency, as the procuring cause. His communications with the purchaser were the cause and means of bringing him and the defendant together, and a sale resulted in consequence of his efforts. He is therefore entitled to his commissions. It is of no consequence that the plaintiff did not negotiate the sale in person, and was not present at the sale, nor that the purchaser was not made known to the defendant as the plaintiff's customer, for he was so in fact. Lloyd v. Matthews, 51 N. Y. 124; Sussdorff v. Schmidt, 55 N. Y. 319. The plaintiff's right to commissions is in no way affected by proof that the defendant himself negotiated the sale, nor by the fact that the purchaser was not introduced to the owner by the plaintiff. Sussdorff v. Schmidt, supra. In full compliance with his agreement, he procured a purchaser who took the property on the owner's terms. His commissions were therefore earned. Doran v. Bussard, 18 App. Div. 36, 45 N. Y. Supp. 387.

The judgment should be affirmed, with costs. All concur.