(53 Misc. Rep. 554)

## FINCK v. PIERCE.

(Supreme Court, Appellate Term. April 10, 1907.)

BROKERS—ACTION FOR COMMISSION—EVIDENCE.

In an action for breach of contract to pay a broker a specified amount for procuring a loan on defendant's property, where defendant's refusal to accept the loan was shown, defendant may prove that the broker had agreed to pay the lender a bonus of a specified per cent. of his commission to show the amount the broker was entitled to recover, on the equi- table principle that the recovery must be confined to the actual loss.

Appeal from City Court of New York, Trial Term.

Action by John Finck against Louise Pierce. From a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a verdict of a jury, defendant appeals. Reversed, and new trial or- dered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ER- LANGER, JJ.

Sachs & Levy (William Victor Goldberg, of counsel), for appellant. Steuer & Hoffman (Charles L. Hoffman and Henry A. Friedman, of counsel), for respondent.

GIEGERICH, J. The action was brought upon a paper of which the following is a copy.

"John Finck, Esq., 141 Broadway, City—Dear Sir: I hereby authorize you to accept on my behalf a mortgage of $20,000 at 5 per cent. for three years or five years, covering my property 117 East 101st street. I further agree to pay 2 per cent. and disbursements in the event of your obtaining an ab- solute acceptance of the amount specified herein. This option is to remain in force until notified. Truly yours,
"[Signed]                                                L. Pierce."

Upon the trial the plaintiff gave evidence of procuring an acceptance of the loan in the amount and on the terms named, and also of disburse- ments made in the amount of $20 for procuring appraisals of the prop- erty. The defendant's refusal to perform was also shown. The in- terest was conceded to be $12. The jury brought in a verdict covering the agreed commission of $400, besides the disbursements and interest.

The defendant attempted to prove by the plaintiff and by one of the attorneys for the person who was to lend the money that the plaintiff had agreed to pay to the lender a bonus of 1 per cent. of the $20,000, which was to be paid to his attorneys in the event that the transaction should be consummated. The argument is made that this commission of $200 was saved to the plaintiff by the failure of the defendant to perform, and that it should be allowed to the defendant on the amount recoverable, as otherwise the plaintiff would be in a better position

through the defendant's breach than he would have been through the defendant's performance. As was said by this court in Finck v. Menke, 64 N. Y. Supp. 38, 31 Misc. Rep. 748:

"Where a breach of contract occurs, the aggrieved party is not always entitled, by way of damages, to the stipulated compensation. The recovery must be confined to the actual loss sustained. It is fundamental that the plaintiff cannot derive a greater advantage from a breach than from a performance."

I am of the opinion that the testimony referred to should have been admitted, not for the purpose of varying the contract between the parties, but for the purpose of showing what amount the plaintiff was entitled to recover on the equitable principle above stated. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.