DAVIS v. VAN TASSEL.

(Supreme Court, Trial Term, Ontario County. October, 1907.)

BROKERS—COMPENSATION—CONSTRUCTION OF CONTRACTS.

    A contract giving a broker the sole agency for six months for the sale of realty, and providing that "at such time as a sale shall be effected" a commission shall be paid him, does not entitle the broker to a commission on a sale by the owner within the six months without the assistance of the broker.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 74.]

Action by Franklin P. Davis against Lunette E. Van Tassel, administrator of Wilford Van Tassel, for broker's commissions on a sale of real estate. Complaint dismissed.

Edward J. Cook, for plaintiff.
W. Smith O'Brien, for defendant.

SUTHERLAND, J. The contract between the defendant's intestate and the plaintiff is in writing, and reads as follows:

"It is hereby expressly agreed that in consideration of efforts put forth and to be put forth that you are the recognized sole agent for the property briefly described below for the period of six months from the 19th day of August, 1905: (1) The property known as the 'Torrey Park Hotel' and situate on the east side of and being No. 100 Sherrill St., Geneva, N. Y., together with its furnishings, with a few exceptions, for the sum of fifteen thousand dollars ($15,000.00). (2) The premises situate on the west side of and known as 'No. 63 North Genesee St.,' Geneva, N. Y. for the sum of forty-five hundred dollars ($4,500.00). (3) The vacant lot adjoining on the south the house known as 'No. 43 Genesee St.,' Geneva, N. Y., for the sum of two thousand dollars ($2,000.00). Said lot being 40 feet front on Genesee St. and 233 feet deep. (4) Either or all of the lots on Clinton St. in the rear of the said No. 43 Genesee St. premises for the sum of five hundred dollars each; said lots being each 33⅓ feet front on Clinton St. and 125 feet deep. And at such time as a sale shall be effected for any of the above-mentioned property for the prices named, or at any other price, during said term, I hereby agree to pay you the sum of 2 per cent. on the selling price of the improved property and 5 per cent. on the selling price of the vacant property at such time as such sales are effected.

"[Signed]     W. Van Tassel.
"Accepted:     F. P. Davis."

The agreement was made August 25, 1905. October 6, 1905, the defendant's intestate entered into a written contract for the sale of the said Torrey Park Hotel and its furnishings to one Matthews for the sum of $14,500, $1,000 of which was for the wines, liquors, and cigars. This contract was to be performed and possession given November 1, 1905; but before that date an extension of time was given in writing until November 1, 1906. The purchaser did not perform, however, and on November 1, 1906, a written release was signed by Davis and Matthews, releasing each other from the obligations of the contract of sale. The property did not change hands, possession never having been given. The plaintiff advertised the property for sale in the Geneva papers, and also in papers in Syracuse, but was not the procuring cause of the sale, and did not attract the attention of the purchaser to the property, and participated in no manner in bringing the parties together. After the contract of sale had been entered into, the defendant's intestate informed the plaintiff that he had sold the property. The plaintiff then made a claim against the intestate for commissions on the contract price, which was refused; but the intestate offered the plaintiff by way of compromise $200, which offer the plaintiff declined to accept.

The plaintiff bases his suit for commissions upon the peculiar wording of the contract between him and the defendant's intestate, claiming that he became entitled to the commission, no matter how the sale was brought about, because it occurred within the six months specified in the contract. This claim does not seem to me to be justified. No doubt a contract could be made whereby, in consideration of the efforts made by an agent to sell property, the owner might obligate himself to pay a sum agreed upon if the premises were sold, even without the aid of the broker; but it does not seem to me that this is such a contract. The plaintiff is constituted the recognized sole agent for the property; but there is nothing in the fact of sole agency which

in itself gives the broker any right to commissions, unless he is the procuring cause of the sale, and that his right to commissions in this case depended upon his rendering some effective service in promoting a sale seems to be in harmony with the words:

"And at such time as a sale shall be effected for any of the above-mentioned property for the prices named * * * I agree to pay you the sum of 2 per cent. * * * at such time as such sales are effected."

This language seems to me to mean sales brought about or effected through the agency created by that contract, and does not refer to a sale made by the owner himself, toward the accomplishment of which the agent contributes nothing.

The complaint must therefore be dismissed.