PARKHURST v. TRYON.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

BROKERS (§ 46*)—RIGHT TO COMMISSIONS.

The owner of property contracted with a broker to attempt to sell the property, and that in case of the sale thereof within one year he would pay a commission. Held, that the sale referred to was one made by the broker or brought about by him, he having found a purchaser and brought the owner and purchaser together, and did not give the broker the exclusive right of sale, to the exclusion of the owner himself, and he was not entitled to a commission upon a sale made by the owner.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 47; Dec. Dig. § 46.*]

Appeal from Oswego County Court.

Action by John W. Parkhurst against Clarence Tryon, before a justice. Judgment for plaintiff, and defendant appealed to the County Court, which affirmed the justice's judgment, and defendant again appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

J. W. Shea, for appellant.
F. G. Whitney, for respondent.

WILLIAMS, J. The judgment of the County and Justice's Courts should be reversed, with costs of this appeal and in the lower courts.

The action was brought to recover commissions on the sale of real property. There was a written contract, which provided that Parkhurst should advertise and attempt to sell for Tryon the real property, a house and lot in Pulaski, for not less than $1,500, unless Tryon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consented to a, lesser price; and Tryon agreed and covenanted with Parkhurst:

"That in case of the sale or conveyance of said property, at any time within one year from this date or thereafter' until he notifies [Parkhurst] in writing, he will pay [Parkhurst] five per cent. of the amount of the sale."

The contract was made March 6, 1907, and thereafter, on August 26,. 1907, the property was conveyed by Tryon and wife to one Hutt for $1,238.84; the negotiations for such sale having been made by Mrs. Tryon, the wife. Parkhurst never had any communication with Hutt, and knew nothing about what was being done, until after the sale was completed and the conveyance given. Parkhurst did some advertising, and made some effort to sell it.

The only question in this court relates to the construction to be given to the written contract. The County Court construed it to mean that Parkhurst was entitled to his commissions if the property was sold by Tryon or any one else within the one year. Parkhurst had only to advertise and try to sell, and though he did not sell himself, and did not find any purchaser, and did not in any way aid in the sale actually made, still he was entitled to his commission. This construction takes the question out of the line of adjudicated cases, and disposes of it under the peculiar language of the contract in question. We are not inclined to agree with the construction given by the County Court to the contract, but rather to hold that the sale referred to in the language above quoted was a sale made by Parkhurst, or one brought about by him; he having found the purchaser, and brought Tryon and the purchaser together. The contract does not seem to us to give Parkhurst,. during the year, the exclusive right of sale, to the exclusion of Tryon himself. Very likely Tryon could not have. sold through some other agent; but he did not do that. His wife was not another agent. Her action in the matter was the same as if by himself.

The argument founded upon the word "or," between the words "sale" and "conveyance," is not a good one. A reasonable construction should be given to the words, and not a constrained one, which would enable Parkhurst to recover commissions upon a sale he was. in no way responsible for, and would prevent Tryon from selling himself, without becoming liable to Parkhurst for full commissions on the sale. All concur.