# THE

# NEW YORK SUPPLEMENT

## VOLUME 140

DU BOIS et al. v. MULLINS.

(Supreme Court, Appellate Term, First Department. February 18, 1913.)

BROKERS (§ 71*)—COMMISSIONS—WHEN EARNED.

Where an owner, requesting a broker to obtain a loan, signed a written application directing the broker to procure a loan for a specified sum to cover all expenses, and thereafter he refused to take the loan, and notified the broker to discontinue negotiations, the broker could recover his commission, and the expenses incurred to the time of the notice, but not for the full amount specified, which covered all expenses as well as commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 56; Dec. Dig. § 71.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles A. Du Bois and another, doing business under the firm name and style of Du Bois & Taylor, against Kathleen L. Mullins. From a judgment of the Municipal Court for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

James E. Bennet, of New York City, for appellant.
William C. Daly, of New York City, for respondents.

PAGE, J. The action was to recover for the agreed value of the plaintiffs' services as brokers. The defendant requested the plaintiffs to obtain a loan for her of $1,500 upon the security of a second mortgage upon vacant lots in the borough of Brooklyn. Mr. Du Bois inspected the property, and on his recommendation his wife agreed to make the loan from her separate estate. On December 22, 1911, Mr. Taylor reported to the defendant that he had obtained a person who would make the loan and that the expense would be $275, to cover everything. Thereupon a written application for the loan, upon plaintiff's blank, was signed by the defendant, that stated the terms of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

loan, with a diagram of the property upon which the mortgage would be a lien, and concluded with these words:

"You are hereby authorized to procure for me the above loan, and I agree to pay to Messrs. Du Bois & Taylor the sum of two hundred and seventy-five ($275) dollars, to cover all expenses."

On January 5, 1912, the defendant wrote to the plaintiffs, requesting them that, if they had not already had the title searched, not to have it done, as she had received a remittance from home, and would not require the loan. And again, on January 8th, the defendant wrote to the plaintiffs:

"Please do not go to any further trouble or expense in the matter than already incurred. * * * Kindly discontinue negotiations for a loan, as I shall not require it."

To which plaintiffs replied:

"We have instructed the Lawyers' Title Insurance Company to discontinue. To say the least, your action has placed us in a very embarrassing position, and we shall certainly look to you for expenses, as per signed agreement."

Upon these facts the plaintiffs were entitled to recover their commission and such expenses as they had incurred when they were notified that defendant would not take the loan, but not for the full amount specified. Finck v. Menke, 31 Misc. Rep. 748, 64 N. Y. Supp. 38. The $275 was to cover all expenses, and not for the commission alone. The estimated expenses for searching the title and closing the loan had only been partially incurred.

The court below gave judgment for the full amount. For this error the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

LEHMAN, J. (dissenting). According to the plaintiff's story, he called on the defendant and was asked by her to procure a loan of $1,-500 on second mortgage on some lots owned by her. Plaintiff then spoke to his partner, who, after inspection of the property, spoke to his wife, and she agreed to take the loan on the proffered terms. Thereafter the plaintiff called on the defendant and told her he had a party who would make the loan, and that the expense would be $275 to cover everything. The defendant then signed a written authorization on plaintiffs' own blank, stating the terms on which she wanted a second mortgage loan, and concluding with the words:

"You are authorized to procure for me the above loan, and I agree to pay to Messrs. Du Bois & Taylor the sum of two hundred and seventy-five ($275) dollars, to cover all expenses."

About two weeks thereafter the defendant notified the plaintiffs that she did not care to obtain the loan. The plaintiff at the trial further showed that his partner's wife was ready, able, and willing to make the loan, if the title was good. Upon this testimony the plaintiffs have recovered a judgment for the sum of $275.

The broker was employed for a definite purpose—to procure a loan upon definite terms proposed by the defendant. Until the broker had actually earned his commissions, the defendant had a perfect right to cancel the agent's authority, providing she was acting in good faith. The plaintiff claims that his work was finished when he obtained the written authority on December 22d, because he had already informed the defendant that he had a party who was willing to make the loan; but it is quite evident, from the form of the authorization, that he was employed to do more than procure a party able and willing to enter into an agreement for a loan, whom he would produce whenever it suited his purpose. It was after he had informed the defendant that he had this party that the authorization was signed, and his employment at a fixed compensation arranged, and the complaint itself is for services rendered after the authorization was signed; yet thereafter the plaintiff seems to have performed no services, except putting in a search at the Title Company. At that time the plaintiff had absolutely failed to procure for the defendant any loan, and had not even produced a person who was able and willing to make the loan. It follows that, at the time when defendant refused to proceed with the transaction, she had a right to cancel plaintiffs' employment without any liability.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.