## W. F. Hanlon, Defendant in Error, v. John P. Dunne, Plaintiff in Error.

### Gen. No. 19,504.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

## Statement of the Case.

Action of the fourth class brought in the Municipal Court of Chicago by W. F. Hanlon against John P. Dunne to recover $120 alleged to be due as commissions on a sale of defendant's real estate. The case was tried before a court and jury and a verdict was returned in favor of plaintiff for the amount of the claim. To reverse a judgment entered on the verdict, defendant prosecutes a writ of error.

The suit was based on a letter signed by the defendant and addressed to the plaintiff, which read as follows:

"Chicago, Illinois, Sept. 20, 1910.

Mr. W. F. Hanlon,
    1107 Schiller Building,
        Chicago, Ill.

Dear Sir:

I hereby grant you for a period of Thirty Days from this date and thereafter until this agreement is revoked by me in writing the exclusive right to sell the property known as No. 1006 North Franklin Street, Chicago, Illinois, improved with a two-flat frame building with basement.

In consideration of your services in endeavoring to sell the said property I agree to pay you in case of a sale a commission of one Hundred Twenty Dollars of the price obtained if a purchaser is procured during said period, by you or me or any one else, upon any terms that I may accept.

The price of the property is Thirty-Five Hundred Dollars ($3,500) and there is an existing encumbrance of $1,300, which the purchaser is to assume and pay me the difference.

I agree to furnish a merchantable abstract of title to the said premises brought down to date of sale, or a title guarantee policy for the amount of the above named purchase price, and within five days after the acceptance of said title I agree to deliver a good and suffi-

cient warranty deed conveying said property to the purchaser.

(Signed) JOHN P. DUNNE.''

The facts showed that immediately upon the receipt of the letter the plaintiff made efforts to sell the property, and that in July, 1911, the defendant sold the property to certain persons, for the sum of $2600, and that the plaintiff took no personal part in the immediate transaction.

WILLIAM M. & WILLIAM S. JOHNSTON, for plaintiff in error.

BEACH & BEACH, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 33*—*when unilateral contract to pay commissions binding.* A contract to pay a real estate agent commissions, though unilateral in its inception, becomes a valid and binding contract where the agent commences his efforts to sell the property.

2. BROKERS, § 37*—*when entitled to commissions under contract though not procuring cause of sale.* Under an agreement by the owner to pay a real estate agent commissions, if a purchaser is procured by the agent or the owner or any one else, upon any terms the owner would accept, the agent is entitled to commissions whether he procured the purchaser or not, provided he had not abandoned the contract.

3. BROKERS, § 88*—*when finding of jury as to right to commissions sustained by the evidence.* On writ of error to review a judgment in favor of a real estate agent for commissions, the contentions of the defendant that the contract between him and the plaintiff had been abandoned by the plaintiff and that he was not the procuring cause of the sale, *held* to have been controverted questions of fact upon which the verdict of the jury was conclusive, it not appearing that the verdict was manifestly against the weight of evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.