JOHN SLATTERY and Another, Respondents, v. FLOYD COTHRAN and Another, Appellants.

Fourth Department, November 12, 1924.

Brokers — real estate brokers — action to recover commissions on sale of real estate — error to submit question of construction of contract to jury — plaintiffs were employed as sole agents for one year and until notice of revocation — property was sold by owner through another agent after expiration of year — plaintiffs not entitled to commissions — plaintiffs' remedy is for breach of contract — if plaintiffs had customer at stipulated price they may recover expenses and lost profits but not amount of commissions on actual sale price.

It is error for the court, in an action by real estate agents to recover commissions, to submit to the jury the question of the construction of the contract, where there is no evidence of attending circumstances or parol evidence of the understanding of the parties or as to their practical construction of the contract to clear up any alleged doubtful or ambiguous language therein; the legal effect of the written instrument is a question of law to be determined by the court.

Real estate agents who have a contract with the owner of real property to act as sole agents for one year and thereafter until notice of revocation, cannot recover commissions on the sale of property made by the owner through another agent after the expiration of the year but before notice of revocation, but their remedy in such a case, if any, is an action to recover damages for a breach of the contract which occurred when the owner sold the property through another agent before notice of revocation.

If real estate agents acting under a sole agency contract, actually procure a purchaser before the termination of their contract who is ready, willing and able to purchase at the price stipulated, they are, where the contract is broken through the sale of the property by another agent, entitled to recover the expenses they actually incurred and profits or commissions lost on the sale, but they cannot recover as damages for the breach of the contract the amount of the commissions on the actual sale of the property through the other agent.

APPEAL by the defendants, Floyd Cothran and another, from a judgment of the County Court of Niagara county in favor of the plaintiffs, entered in the office of the clerk of the county of Niagara on the 12th day of January, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the defendants' motion for a new trial made upon the minutes.

*Dempsey & Fogle* [*S. Wallace Dempsey* of counsel], for the appellants.

*Judson & Holley* [*George D. Judson* of counsel], for the respondents.

DAVIS, J.:

The plaintiffs have judgment in an action brought for commissions on a contract with defendants to sell certain real property.

The contract was in writing. Therein defendants employed plaintiffs' firm as sole agent to sell. It recited the terms upon which the sale was to be made, including the price, $16,000, and provided that the purchaser might have possession at any time he desired. The contract was dated August 14, 1916. The agency was to continue one year from date and thereafter until the vendors gave thirty days' written notice of revocation.

The contract also contained the following provisions:

" In the event of a sale being made during the time covered by this listing, or afterwards to a customer procured during said time by said agents, I agree to pay said agents a commission of five per cent. (minimum $100) of sale price.

" I agree that said property shall not be offered for sale at a less price or on more liberal terms than herein stated without first giving said Slattery & Averell an opportunity to do likewise."

The brokers advertised the property and made efforts to sell, but claim that they were unsuccessful because the price was too high. Subsequently it was agreed that the price might be reduced to $12,000. The brokers had not actually completed a sale when in December, 1919, the vendors gave notice of revocation of the agency. The following October the property was conveyed to a purchaser for $15,000. It seems to be conceded that this purchaser was not known to the brokers and they had nothing to do with procuring the sale to him. They claim, however, that the contract for sale was made by a brother of the defendants before the revocation, and during the period when they were sole agents; and they claim and have recovered commissions on this sale.

We think the learned trial court was in error in submitting to the jury the question of the construction of the contract. The legal effect of the instrument was a question of law to be determined by the court. There was no evidence of surrounding circumstances at the time of its execution or parol evidence of the understanding of the parties or their practical construction of the contract to clear up any alleged doubtful or ambiguous language therein. It was, therefore, the duty of the court to determine what was meant by the language used (*Hutchinson* v. *Root*, 2 App. Div. 584; affd., 158 N. Y. 681), though the submission of the question to the jury if decided correctly would not have prejudiced defendants. (*Winchell* v. *Town of Camillus*, 109 App. Div. 341, 344; affd., 190 N. Y. 536.) We think, however, plaintiffs were not entitled to a verdict on the theory upon which the action was tried.

The legal effect of the contract seems clear. The property was listed with the plaintiffs as brokers. If they made a sale during the prescribed period, or if they had procured a customer to whom

the sale was made after the termination of their contract, a commission of five per cent was to be paid them. The vendors had agreed not to appoint another agent, and that they would not offer the property at a less price or on more liberal terms without first giving the brokers an opportunity to negotiate and close a sale on similar terms.

The general rule is that where an exclusive right of sale is given a broker, the principal cannot make a sale himself without becoming liable for the commissions. (*Moses* v. *Bierling*, 31 N. Y. 462; *Levy* v. *Rothe*, 17 Misc. Rep. 402; 9 C. J. 622.) But where the contract is merely to make the broker the sole agent, the principal may make a sale himself without the broker's aid, if such sale is made in good faith and to some purchaser not procured by the broker. (*McClave* v. *Paine*, 49 N. Y. 561; *Parkhurst* v. *Tryon*, 134 App. Div. 843; *Davis* v. *Van Tassel*, 107 N. Y. Supp. 910; 9 C. J. 622.)

It is clear that this contract was one of sole agency. The brokers claim that the vendors breached the contract by selling the property through an agent before revocation, and the verdict of the jury evidently sustains their contention.

Ordinarily the basis of a broker's claim for commissions is that he has procured a customer. (*Kiernan* v. *Bloom*, 91 App. Div. 429; *Martin* v. *Fegan*, 95 id. 154; *Southwick* v. *Swavienski*, 114 id. 681; *Parkhurst* v. *Tryon, supra; Meyer* v. *Improved Property Holding Co.*, 137 App. Div. 691.) We think the plaintiffs have mistaken their remedy in this action. It was brought to recover commissions on a sale made by another agent. These plaintiffs did not procure the purchaser to whom the property was sold, and, therefore, under the terms of the contract, cannot claim commissions for this sale. If they have a cause of action it is for breach of the contract because in violation of its terms a sale was made to a stranger through another agent, whereby plaintiffs sustained damages. (9 C. J. 522, 633.)

The plaintiffs claim that before revocation they expended money for advertising the property, and time and expense in an endeavor to procure a purchaser; and that they did eventually procure a customer ready and willing to purchase for $12,000; but the sale was not completed because the vendors, contrary to their agreement, were unable to deliver possession when the purchaser desired it. If these are the true facts, the brokers may, after suitable amendment to the complaint, maintain an action for a breach of the contract, but the damages will not necessarily be measured by the amount of commissions on the sale for $15,000, but rather by expenses actually incurred and profits or commissions lost on a

sale plaintiffs would have made. (*Long Island Contracting & Supply Co.* v. *City of New York,* 204 N. Y. 73; *Durkee* v. *Mott,* 8 Barb. 423; *Strout Farm Agency, Inc.,* v. *DeForest,* 192 App. Div. 790, 792; 206 id. 723; *Hollweg* v. *Schaefer Brokerage Co.,* 197 Fed. Rep. 689; *Finck* v. *Menke,* 31 Misc. Rep. 748; 9 C. J. 523.)

The judgment and order should be reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellants to abide event.