WEISSGLASS GOLD SEAL DAIRY CORP., Respondent, v. THE FIRST NATIONAL BANK OF FLEISCHMANNS, NEW YORK, and Others, Appellants.— In an action for the conversion of personal property on which plaintiff claims to hold a chattel mortgage, order denying defendants' motion for summary judgment under rule 113 of the Rules of Civil Practice affirmed, with ten dollars costs and disbursements. We affirm the order on the ground that after the commencement of the bankruptcy proceeding further renewal of the mortgage, under section 235 of the Lien Law, became unnecessary. In so holding we adopt the reasoning of *Lockhart* v. *Garden City Bank & Trust Co.* (116 F. [2d] 658), in preference to *Benedict* v. *Zutes* (88 Misc. 214), and cases following it in the Federal District Courts. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

DAVID WERNER, Respondent, v. HENRY EURICH, Appellant.— In an action to recover commissions under a contract between a broker and vendor of real property, the vendor having made the sale without the aid of the broker, order of the County Court, Orange County, denying defendant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs. The contract appears as matter of law to be one of exclusive agency, and not one of exclusive right of sale. Furthermore, it seems to be undisputed that the contract language was chosen by the plaintiff. Hence, in so far as the meaning of the language in the written contract may be doubtful, it is to be construed most favorably to the defendant. Carswell, Adel and Close, JJ., concur; Lazansky, P. J., dissents and votes to affirm the order upon the ground that the agreement is ambiguous and determination should await a trial at which testimony may be adduced as to the precise meaning of the agreement; Hagarty, J., dissents and votes to affirm the order, with the following memorandum: My view is that an exclusive right of sale was granted by the contract, as evidenced by the recitation of the consideration at the outset of the third paragraph of the contract. That paragraph contemplated the creation of a market for the property by the efforts of the broker.

MARY A. WHITE, Respondent, v. PETER J. WHITE, Appellant.— In an action in which plaintiff was granted a judgment of separation, defendant husband appeals from so much of an order as (a) directed defendant to post a bond in the sum of $1,000, with corporate surety, to secure the prompt payment of alimony due and to become due under the judgment, and (b) awarded plaintiff motion costs of $25. Order modified on the law by striking from the last decretal paragraph thereof the words " Twenty-five & 00/100 ($25.00) dollars," and inserting in lieu thereof the words " Ten Dollars ($10.00)." As so modified, the order, in so far as appealed from, is affirmed, without costs. In our opinion, the order appealed from was correct in all respects except as indicated. Ten dollars motion costs only were allowable. (Civ. Prac. Act, § 1505.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.