BENJAMIN ACKMAN et al., Doing Business as ACKMAN BROTHERS, Respondents, v. TOREN, INC., Appellant.

First Department, October 28, 1958.

*Louis M. Bornstein* of counsel (*David Bornstein* and *William Massar* with him on the brief; *Bornstein & Bornstein,* attorneys), for appellant.

*Joseph Howard Katz* (*Adolph Bangser* with him on the brief), for respondents.

*Per Curiam.* The letter agreement makes provision for compensation to the plaintiffs in the event of a sale through another broker. In so doing, the agreement adopts the legal effect of an exclusive agency as distinguished from an exclusive right of sale. '' Under an exclusive agency agreement, an owner may make a sale himself, without the broker's aid, and, if the sale is made in good faith to a purchaser not procured by the broker, the owner does not become liable for commissions to the broker. (*Werner* v. *Eurich,* 263 App. Div. 744; *Slattery* v. *Cothran,* 210 App. Div. 581, and cases cited therein.) Plaintiff does not allege that he procured the purchaser or participated in any manner, directly or indirectly, in the negotiations.'' (*Levy* v. *Isaacs,* 285 App. Div. 1170.) The agreement, in two separate paragraphs, conditions payment to the plaintiffs on the event that the sale be '' through another broker.'' The express language of the parties may not be ignored and a new agreement made for them under the guise of interpretation. (*Heller* v. *Pope,* 250 N. Y. 132, 135.) There is no ambiguity in the agreement and we are not required to decide whether or not the arrangement made by the parties is fair. We are governed by the provisions of the agreement which predicates plaintiffs' right to payment upon a sale as previously stated '' through another broker.''

The order appealed from should be reversed, on the law, with costs to abide the event, and the motion granted, with leave, in the exercise of discretion, to the plaintiffs to serve within 20 days after the service of the order herein, with notice of entry, an amended complaint which may include a cause of action for reformation, if plaintiffs be so advised.

Rabin, Valente and McNally, JJ., concur; Breitel, J. P., and Bastow, J., dissent and vote to affirm.

Order reversed, on the law, with $20 costs and disbursements to abide the event, and the motion granted, with leave, in the exercise of discretion, to the plaintiffs to serve within 20 days after service of the order entered herein, with notice of entry, an amended complaint which may include a cause of action for reformation, if plaintiffs be so advised.