2 Ill. App.3d 708 (1971)
277 N.E.2d 355
WILLIAM G. DIXON, Plaintiff-Appellant,
v.
JAMES E. BETTEN et al., Defendants-Appellees.
No. 71-49.
Illinois Appellate Court  Fifth District.
December 13, 1971.
*709 Dixon & McDonnell, of Belleville, (Joseph B. McDonnell, of counsel,) for appellant.
Karns, Starnes, Nester & Stegmeyer, of Belleville, (John M. Karns, Jr., of counsel,) for appellees.
Judgment affirmed.
Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:
This is an appeal from an order granting the defendants' motion to dismiss the plaintiff's complaint. The complaint alleged that plaintiff (real estate agent) and defendants (property owners) entered into an agreement in writing, which agreement was attached to the complaint; that, while the contract was in force, defendants leased the property which was the subject matter of the agreement; and that the plaintiff prayed judgment for a specified amount of money, amounting to a percentage of the gross lease consideration. The trial court did not state its reasons for the dismissal of the complaint.
The attached agreement, titled "listing contract", provided that, "In consideration of your acceptance of the terms hereof, and by endeavoring to sell the premises herein described, I hereby agree to give you, for 180 days * * * the exclusive agency for the listing for sale" of the property. In addition to paragraphs granting powers and rights to the plaintiff, the agreement provided: "I agree to pay you for your services rendered and to be rendered in behalf hereof, a commission of six per cent of the gross sales price obtained if said property is sold by you, by me, by a cooperating broker, or by anyone else during the continuance of this agency * * *." The agreement provided also that, during the agency, the defendants "agree not to lease, rent, or sell or negotiate for the sale of said property * * *."
The plaintiff argues that his agreement with the defendants constitutes a bilateral contract, with the defendants' promise to pay the commission exchanged for the plaintiff's promise to endeavor to sell the property; that the agreement was not invalid for want of consideration and mutuality, because the adequacy of consideration is for the parties to consider and not for the court to decide; and that the agreement constituted *710 an exclusive right to sell, limiting any sale or lease by the defendants.
 1 The agreement, however, does not include any promise by the plaintiff to endeavor to sell the defendants' property. The agreement contemplates the actual endeavoring as the consideration for the defendants' promise. Hence, what was contemplated was not a bilateral contract, consisting of an exchange of promises, but a unilateral contract, consisting of an exchange of a promise to pay a commission for a rendition of services. 1 Corbin, Contracts § 50 (1963), at 195, 199; Pretzell v. Anderson (1911), 162 Ill. App. 538.
Moreover, the agreement in this case is nothing more than an offer to make a unilateral contract. In a very similar case, (Schwartz v. Akerlund (1926), 240 Ill. App. 480, involving a suit to recover real estate commission, the court stated that the first question in determining whether the defendant-owner was liable for the commission was whether there was a contract. The defendant had given the plaintiff an exclusive agency for the sale of property and, during the period of the agency, the defendant sold the property through a third person. The agency provided in part that: "In consideration of having given you this exclusive sale agreement it is understood you are to advertise and show the property without any expense to me." The court stated that the agreement was not a contract until the plaintiff-agent had done some work which constituted something in the nature of substantial consideration. But in that case, the plaintiff had alleged that he had accepted the agency and had "performed certain services in endeavoring to secure a purchaser." The court found that the "things done by the plaintiff in pursuance of the offer and as a consideration therefor" constituted an acceptance of the offer and created an enforceable contract.
The court in Halon v. Dunne (1914), 189 Ill. App. 123 used the same type of analysis in construing a real estate agency agreement. Other Illinois cases cited in the briefs dealing with agency agreements are not relevant to this issue. Nicholson v. Alderson (1952), 347 Ill. App. 496, 107 N.E.2d 39; Wozniak v. Siegle (1922), 226 Ill. App. 619; Flynn v. La Salle Nat. Bank (1956), 9 Ill.2d 129, 137 N.E.2d 71.
Corbin, Contracts § 50 (1963), in a section entitled "Real Estate Brokerage and Other Agency Cases," has adopted the same analysis, by noting, at 195:
"The cases with which we are now dealing include those in which an owner merely puts his land in the broker's hands, promising him a commission for the service of producing an able and willing purchaser, the broker making no return promise that he can or will produce *711 such a purchaser. Such a transaction as this is an offer of a unilateral contract, an offered promise by the owner creating in the broker a power of accepting by actual rendition of the requested service."
and at 199:
"The most commonly recurring case is one in which the owner employs a broker to find a purchaser able and willing to buy, on terms stated in advance by the owner, and in which the owner promises to pay a specified commission for the service. This is an offer by the owner, the broker's power of acceptance to be exercised by the actual rendition of the requested service. Here the only contemplated contract between the owner and the broker is a unilateral contract  a promise to pay a commission for services rendered."
Since the agreement in this case constituted a written offer for a unilateral contract, the question is whether the plaintiff's complaint stated a cause of action for breach of contract.
It has been long established in Illinois that, "(I)n the absence of statutory enactments to the contrary, it is necessary in actions upon contracts to allege a consideration, except in the case of contracts under seal, bills of exchange, and negotiable promissory notes, all of which by intendment of law import a consideration, and a failure to state a consideration or a statement of an insufficient consideration may be taken advantage of by demurrer." Schwerdt v. Schwerdt (1908), 141 Ill. App. 386, aff'd. 235 Ill. 386, 85 N.E. 613.
 2 In this case, since the agreement does not include any consideration and is merely an offer of a unilateral contract, and since the plaintiff did not allege in the complaint that he had made any endeavors to sell the property, and thus accept the defendants' offer, the trial court acted properly in dismissing the complaint for failing to state a cause of action. The plaintiff states in his brief that he was actively engaged in endeavoring to sell the premises, by advertising and by contacting prospective purchasers. However, no such allegations appear in the complaint and the trial court must make its decision upon the facts alleged.
The plaintiff cites two Indiana cases for the position that a complaint for commissions due on a brokerage contract need not include allegations of performance. We find these cases inapplicable to the present case.
The plaintiff argues that agreement constituted a bilateral contract  an exchange of promises. He further cites two cases, Aldrich v. Aldrich (1931), 260 Ill. App. 333, and Nathan v. Leopold (1969), 108 Ill. App.2d 160, 247 N.E.2d 4, to establish the principle that, in analyzing bilateral contracts, the function of the court is to find the existence of consideration, not the adequacy of the consideration. There appear to be no *712 Illinois decisions in which that principle has been applied to real estate agency contracts. Both cases cited dealt with bilateral contracts, not involving real estate agency.
The Restatement, Agency (Second) § 449, deals with unilateral contracts for employment. It provides, in part, that "In the ordinary listing of property with a real estate broker, the broker's promise to use his best efforts or other similarly indefinite promises are not, without other facts, sufficient to indicate that consideration has been given." We consider this as authority for holding that, if the agreement is interpreted as involving an exchange of promises, a court can determine whether a "promise to endeavor" is sufficient to indicate that consideration has been given.
 3 Plaintiff argues that the agreement involves an exclusive right to sell, which precludes the owner from selling or disposing of the property. The Illinois Supreme Court has noted the distinction between exclusive agency and exclusive right (Flynn v. La Salle Nat. Bank (1956), 9 Ill.2d 129, 137 N.E.2d 71.) The language of the agreement is clear in its limitation of the owner's right to dispose of the property during the existence of an agency. However, any limitation is unenforceable in the absence of an allegation and proof of the plaintiff's acceptance of the defendants' offer by endeavoring to sell the premises.
For the foregoing reasons, the decision of the trial court is affirmed.
Judgment affirmed.
MORAN and CREBS, JJ., concur.