WILLIAM B. BROWN, d/b/a Brown Realty, Inc., Plaintiff-Appellee, *v.* EDWIN B. MILLER, Defendant-Appellant.

First District (4th Division)   No. 62869

Opinion filed February 10, 1977.

Patrick W. Stodola, of Chicago, for appellant.

Joseph B. Platt, of Palatine, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, William B. Brown, d/b/a Brown Realty, Inc., brought an action in the circuit court of Cook County for payment of a brokerage commission for the sale of a parcel of real estate located in Oak Park, Illinois, belonging to the defendant, Edwin B. Miller. The trial court found that construing the language of the contract as a whole and taking the plain meaning of the words, the agreement was an "exclusive right to sell" contract in which case even though defendant-owner sells the property without the assistance of plaintiff-broker, plaintiff is entitled to a commission. Judgment was therefore entered in favor of the plaintiff. Defendant appealed.

On December 12, 1973, the defendant, Miller, entered into a written real estate brokerage contract with the plaintiff which was denominated as an "exclusive agency" contract. The contract provided in its pertinent part as follows:

> "* * * I hereby appoint you my exclusive agent for sale of said real estate, for the period beginning the 2nd day of January, 1974, and terminating on the 13th day of May, 1974, and agree to pay you 6% commission if you procure a buyer, or if the property is *sold within said time by myself* or any other broker, * * *." (Emphasis added.)

The plaintiff never produced a ready, willing, and able buyer. Defendant sold the property to a party who was a stranger to plaintiff-broker during the term of the agreement.

The issue presented for review is whether the terms of the contract can be construed to be an "exclusive right to sell" or an "exclusive agency."

The plaintiff maintains that the express terms of the agreement indicate that the defendant intended to grant the broker the exclusive right to sell the property and relinquish his (the owner's) right to sell within the specified time period. The language which grants this right is "if sold by myself or any other broker," then I agree to pay broker a commission. Under this type of agreement, if the defendant sells the property by himself, the broker is entitled to a commission. *Flynn v. La Salle National Bank* (1956), 9 Ill. 2d 129, 137 N.E.2d 71.

■■ The defendant maintains that the agreement is an exclusive agency contract. Under such a contract if the owner sells the property without the assistance of broker, there is no duty on the part of defendant to pay broker a commission. *Wozniak v. Siegle* (1922), 226 Ill. App. 619.

An analysis of the cases cited by the defendant-owner does not support his position. In *Wozniak v. Siegle* (1922), 226 Ill. App. 619, the broker was appointed exclusive agent and defendant agreed to pay a commission if "F. Wozniak or any other person" sold the property. The defendant sold the property to a party unknown to the broker. The court found that reading consistently the words "exclusive agent" with "F. Wozniak or any other person," the intention of the parties was to empower plaintiff as sole agent and not to include defendant within the scope of "any other person." The owner cannot be his own agent. The court further said an owner may make a promise whereby he relinquishes his own authority, within a given time, to sell *by using other express language*. The court did not say what types of express language would convert an exclusive agency contract into an exclusive right to sell contract.

There is a distinct difference between the language used in *Wozniak* and the language of the contract in the case at hand. Nowhere in *Wozniak*

did the defendant expressly obligate himself to pay a commission to plaintiff if the property was sold by defendant to a stranger. In the case at bar, however, defendant expressly agreed to pay a commission to Brown in the event the property was sold by "[him]self or any other broker." By this express language, the defendant relinquished his right to sell the property on his own.

The defendant next cites *Camp v. Hollis* (1947), 332 Ill. App. 60, 74 N.E.2d 31. The court in *Camp* relied on several cases, each holding that the contract language was not explicit enough to grant an exclusive right to sell to the brokers involved. (*Davis v. Van Tassel* (1907), 107 N.Y.S. 910; *Parkhurst v. Tryon* (1909), 134 App. Div. 843, 119 N.Y.S. 184; *Sunnyside Land & Investment Co. v. Bernier* (1922), 119 Wash. 386, 205 P. 1041.) The facts in these cases were all quite similar. The owner agreed to pay broker a commission in the event of a sale. The court, in each, stated that the language means a sale to a customer procured by the broker.

Finally, defendant cites *Flynn v. La Salle National Bank* (1956), 9 Ill. 2d 129, 137 N.E.2d 71, wherein the agreement provided that Farr & Co. shall be the exclusive agents for the sale of the property. Because the words were not specific, no commission was payable.

The language used in the present contract is distinguishable from the language used in all the other contracts which were referred to by defendant. In each and every instance cited by the defendant, the words, "if sold by you, myself, or any other broker," does not appear. "By myself" indicates that the owner intended to obligate himself to pay a commission to the broker even if he sold the property to a stranger. In short, the defendant was specific enough to make an exclusive right to sell contract.

■■ We cannot ignore basic rules of contract construction. Where a contract is not ambiguous or uncertain, its meaning must be determined from the words or language used, and the court cannot place a construction on the contract which is contrary to or different from the plain and obvious meaning of the language. (*Chicago Home for Girls v. Carr* (1921), 300 Ill. 478, 133 N.E. 344; *Serafine v. Metropolitan Sanitary District* (1971), 133 Ill. App. 2d 93, 272 N.E.2d 716.) The language in the contract before us is not vague. It expressly grants the broker an exclusive right to sell the Oak Park property. We cannot substitute a new and different contract for the contract which the parties in fact made.

Plaintiff, in turn, relies on *Wozniak* for the proposition that the use of the term "exclusive agency" would not negate other express language in the agreement providing for sale by the owner. The court stated:

> "Of course, an owner may make a promise whereby he relinquishes his own authority, within a given time, to sell, * * *." (*Wozniak v. Siegle* (1922), 226 Ill. App. 619, 622.)

In this instance, defendant did obligate himself to pay the commission by the addition of express language.

Although the words exclusive right to sell appeared in the contract in controversy in *Hanlon v. Dunne* (1914), 189 Ill. App. 123 (abstract), language was likewise included to the effect that if the broker or seller or anyone else procured a purchaser, the broker would receive a commission. The court held that this language entitled the broker to a commission even though he had not procured a purchaser. There is little difference between the language referred to above and the language in the instant case.

■■ We hold that the contract in this case is an exclusive right to sell contract. The words, "if sold by myself or any other broker," indicate an intention on the part of defendant to obligate himself to pay the broker a commission if the property was sold by anyone including defendant between January 2, 1974, and May 13, 1974, the time term in the agreement. "The language of the agreement is clear in its limitation of the owner's right to dispose of the property during the existence of an agency." (*Dixon v. Betten* (1971), 2 Ill. App. 3d 708, 712, 277 N.E.2d 355.) Since defendant sold the property within the time term, the commission is due and owing.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.