John McClave, Appellant, *v.* William ·H. Paine, Respondent.

A party having employed a broker to sell real estate, may notwithstanding, negotiate himself, and if he does so without any agency of the broker, he is not liable to the latter for a commission. To entitle the broker to his commission he must be an efficient agent in, or the procuring cause of the contract.

Defendant being the owner of three parcels of land, employed plaintiff, a real estate broker, to negotiate sales thereof at a specified price for each. Plaintiff found a purchaser for one, and the sale was effected, upon which plaintiff received his commission. Subsequently defendant informed the purchaser of his ownership of, and desire to sell one of the other parcels,

. and a contract was made between them for a sale and purchase of the latter parcel for the price and upon the terms under which plaintiff had been instructed to sell. Plaintiff took no part in the last sale and gave no information to the purchaser. *Held*, that he was not entitled to a commission on the sale.

(Submitted May 29, 1872; decided June 4, 1872.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant entered upon a verdict.

The action was brought by plaintiff, a real estate broker, to recover a commission for negotiating a sale of two blocks of land in the city of New York. The facts sufficiently appear in the opinion.

*Albert Stickney* for the appellant. To entitle a broker to recover commissions, he must show his authority to act, and that his agency was the procuring cause of the sale. (*Chilton* v. *Butler*, 1 E. D. Smith, 150; *Briggs* v. *Rowe*, 4 Keyes, 442.) Defendant could not, by taking the negotiations into his own hands and completing sale, deprive plaintiff of his commissions. (*Ludlow* v. *Connan*, 2 E. D. Smith, 112; *Glentworth* v. *Luther*, 21 Barb., 146; *Stillman* v. *Mitchell*, 2 Rob., 537.) If the purchaser was first introduced to defendant by plaintiff and the introduction led ultimately to the sale, plaintiff was entitled to recover. (*Jewett* v. *Emson*, 2 Rob't, 167; *Moses* v. *Bresling*, 31 N. Y., 464; *Murray* v. *Currie*, 7 C. & P., 585; *Wilkinson* v. *Martin*, 8 C. & P., 5; *Inslee* v. *Jones*, Bright. [Pa.], 78; *Shepherd* v. *Hedden*, 5 Dutch. [N. J.], 334; *Stillman* v. *Mitchell*, 2 Rob't, 536; *Morgan* v. *Mason*, 4 E. D. Smith, 637.)

*Henry H. Anderson* for the respondent. Without some positive act of the broker in reference to the particular transaction there can be no claim for commission. (*Barnard* v. *Monot*, 3 Keyes, 203; *Lyon* v. *Mitchell*, 36 N. Y., 237; *Redfield* v. *Tegg*, 38 N. Y., 212; *Briggs* v. *Rowe*, 4 Keyes, 424; *Moses* v. *Bierling*, 31 N. Y., 462.)

Grover, J.   The facts that the jury must have found under the charge were that the respondent, being the owner of three separate parcels of real estate in the city of New York, employed the plaintiff, a real estate broker, doing business in the city, to negotiate contracts for the sale of each at a specified price; that the plaintiff informed a person of the fact of his having one of the parcels for sale, who desired to purchase it, and the plaintiff brought this person and the defendant together, and informed the latter of the desire of the former to purchase the particular parcel.   Thereupon the defendant commenced negotiations with the proposed purchaser, which terminated in a valid contract of sale for the price specified by the defendant to the plaintiff, upon which the usual commission was paid by the defendant to the plaintiff.   Afterward the defendant informed the purchaser of his ownership of and desire to sell one of the other parcels, and a contract was made by them for the sale and purchase of the latter parcel for the price and upon the terms upon which it had been placed in the hands of the plaintiff for sale.   The plaintiff took no part in negotiating the last bargain, gave no information to the purchaser in regard to the land being on sale, or otherwise, and so far as appears, had no knowledge of the negotiations in relation thereto until after the bargain was consummated.   The judge charged the jury that the plaintiff was not entitled to commission, to which the plaintiff excepted.   This was correct.   A party having employed a broker to sell real estate, may, notwithstanding, negotiate a sale himself; and if he does so without any agency of the broker, is not liable to him for commission.   To earn his commission the broker must be an efficient agent in or the procuring cause of the contract.   His commission is earned by finding a sufficient purchaser, ready and willing to enter into a valid contract for the purchase upon the terms fixed by the owner, and having introduced such a one to the owner as a purchaser, is not deprived of his right to commission by the owner negotiating the contract himself.   (*Lyon* v. *Mitchell*, 36 N. Y., 235; *Barnard* v. *Monnott*, 3 Keyes, 203;

*Moses* v. *Bierling*, 31 N. Y., 462; *Redfield* v. *Tegg*, 38 id., 212.) In the present case the plaintiff did not introduce Blodgett as a purchaser of the parcel in question. So far as appears he had no knowledge that he would purchase it upon any terms. In short, he did nothing toward earning his commission in respect to this parcel. The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.