(18 Misc. Rep. 239.)

### BRACKETT v. METROPOLITAN INS. CO.

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

PRINCIPAL AND AGENT—COMPENSATION—AGENT AS PROCURING CAUSE.

Plaintiff, a soliciting agent for life insurance, receiving as compensation commissions on insurance procured, is not entitled to commissions on the increased insurance where his employer induces, through another agent, an applicant secured by plaintiff to increase the amount of his application.

Appeal from Eighth district court.

Action by Cecil A. Brackett against the Metropolitan Insurance Company. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Bert Hanson, for appellant.
H. Bell, for respondent.

BISCHOFF, J.   The plaintiff was a soliciting agent for life insurance, in the employ of the defendant, with an agreement for compensation based upon the amount of insurance procured by his efforts, and this action is brought to recover the commissions which he claims to be due him for procuring a policy upon the life of one Dean for $10,000.   The evidence shows that the plaintiff actually solicited and obtained from Dean an application for a policy of $5,000, and that he was paid his commission upon such policy, but thereafter one Gray, an agent of the defendant, called upon the insured, and prevailed upon him to substitute an application and receive a policy for $10,000.   The plaintiff's claim is for commission upon the additional $5,000 of insurance thus taken out, but clearly he failed to substantiate it by proof at the trial.   True, he introduced the insured, Dean, to the defendant, and but for that introduction this additional $5,000 of insurance might not have been secured; but the insurance which he actually obtained was limited to the amount of the first application, and the defendant, through Gray, procured the remainder.   Granted, also, that Dean had intended at the time of his first application to subsequently take out an additional insurance of $5,000: but his evidence was that he contemplated so contracting with some insurance company other than the defendant, and the proof is that he was induced to change his intention, not through the plaintiff's efforts, but through the agency of Gray.   A finding that the plaintiff's influence with Dean extended to this additional insurance could be founded only upon the merest conjecture, and the preponderance of the evidence was all to the contrary.   Close analogy appears between this case and that of McClave v. Paine, 49 N. Y. 561, and upon the principles there applied this recovery cannot be sustained.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.   All concur.