## MILTON SCHNAIER & CO. v. GRIGSBY.

(Supreme Court, Appellate Term. December 16, 1908.)

1. Licenses (§ 13*)—Plumbers—Corporations—"Person."

Laws 1896, p. 1052, c. 803, making it unlawful for any "person" to carry on the business of an employing or master plumber unless the name and address of such "person" shall have been registered as provided, applies to a corporation engaged in the plumbing business.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 24; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

2. Licenses (§ 39*)—Unlicensed Persons—Recovery for Services.

The failure of a corporation engaged in the plumbing business to register and obtain a certificate, as required by Laws 1896, p. 1052, c. 803, is a good defense to an action by it against an individual for plumbing work.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 78, Dec. Dig. § 39.*]

Appeal from City Court of New York, Trial Term.

Action by Milton Schnaier & Co. against Emile B. Grigsby to foreclose a mechanic's lien. From a judgment of the City Court (59 Misc. Rep. 595, 112 N. Y. Supp. 505) for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Kellogg & Rose (L. Laflin Kellogg, of counsel), for appellant.
Milton Mayer, for respondent.

GIEGERICH, J. The action is to foreclose a mechanic's lien for work performed and materials furnished upon real property belonging to the defendant.

The plaintiff is a domestic corporation, and the trial judge has found that the work, labor, and services performed and materials furnished consisted of plumbing and other work in connection therewith and incidental thereto, and that the plaintiff was at the time in question engaged in the plumbing business in the city of New York and employed plumbers to do work for it, and that all the plumbers engaged upon the work at the premises of the defendant were employed by and worked for the plaintiff company.

The plaintiff corporation was not registered at the office of the department of buildings in the city of New York, and the principal question in the case is whether it can recover in view of the provisions of chapter 803, pp. 1052, 1055, Laws 1896.

Section 1 and 6 of that act provide in part as follows:

"Section 1. Once in each year, every employing or master plumber carrying on his trade, business or calling in the City of New York, shall register his name and address at the office of the department of buildings in said city under such rules and regulations as said department shall prescribe, and thereupon he shall be entitled to receive a certificate of such registration from said department, provided, however, that such employing or master plumber shall, at the time of applying for such registration, hold

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a certificate of competency from the examining board of plumbers of said city. * * * After the passage of this act it shall not be lawful for any person or co-partnership to engage in, or carry on the trade, business or calling of employing or master plumber in the city of New York, unless the name and address of such person and of each and every member of such co-partnership shall have been registered as above provided."

"Sec. 6. * * * A master or employing plumber within the meaning of this act is any person who hires or employs a person or persons to do plumbing work."

By section 7 of the act violation of the provisions of section 1 is made a misdemeanor. The Court of Appeals has held that noncompliance with the provisions of a similar act (Laws 1892, p. 1148, c. 602) is a good defense to a civil action by an individual to recover for plumbing work (Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987). In construing a somewhat analogous statute relating to the practice of medicine and the advertisement thereof (Laws 1907, p. 636, c. 344), the Court of Appeals has also held that it applies to corporations as well as to individuals. People v. John H. Woodbury Dermatological Institute, 192 N. Y. 454, 85 N. E. 697. That court has also held that the regulation of the plumbing trade is within the police power of the state. People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718. Under the decisions cited it must be held that the plaintiff was not entitled to recover for the plumbing work. How much of the work done properly falls within the description of plumbing work, and whether the contract was entire, or whether the other work was done and the other materials furnished under severable agreements, are questions which cannot be determined from the present record, and may, if the parties are so advised, be litigated upon the new trial which must be ordered. See Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987.

The judgment is reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.