SAMUEL H. LYONS and Others, Respondents, *v.* NEBCO REALTY CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, December 31, 1926.

**Brokers — real estate brokers — on trial of action for commissions plaintiff stated he was duly licensed real estate broker — defendant merely objected to answer, but made no explanation of objection — plaintiff's failure to testify he was licensed was merely formal defect and does not warrant reversal of judgment — defendant should have raised point on trial — Real Property Law, §§ 442-d and 442-e, construed.**

In an action by a real estate broker for commissions, the fact that the plaintiff, in answer to a question as to whether he was a duly licensed real estate broker answered " yes," does not warrant the reversal of a judgment in his favor, where the defendant merely objected to the answer but made no explanation of his objection, since plaintiff's failure to testify, pursuant to section 442-d of the Real Property Law, that at the time of his employment or at the time of the consummation of the transaction he was a duly licensed broker was merely a formal defect which might have been corrected had attention been called to it on the trial, and which must be disregarded on appeal; defendant not having raised the point on the trial, now submitted on appeal for the first time, as to a matter of formal defect in pleading or proof, the court will not indulge in conjecture concerning a possible illegality, in that the plaintiff was guilty of a misdemeanor under section 442-e of the Real Property Law.

LEVY, J., dissents, with opinion.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Seventh District, in favor of plaintiff.

*Propper & Lichtig* [*Karl Propper* of counsel], for the appellant.

*Schafran & Rollins* [*Irving L. Rollins* of counsel], for the respondents.

BIJUR, J.    On the trial of this action to recover broker's commission, plaintiff Samuel H. Lyons was asked: " Q. You are a duly licensed real estate broker?    A. Yes.    Defendant's counsel: Objected to.    The Court: Overruled."

I assume the objection was intended to suggest that the license itself should have been produced, but at all events defendant made no explanation of the objection.    On the motion of defendant's counsel to dismiss the complaint the only ground stated was " that plaintiff had not shown that the broker produced a purchaser ready, able and willing to consummate this transaction."

It is now urged on this appeal, for the first time, that said plaintiff did not testify that he was duly licensed at the time of his employment or at the time of the consummation of the transaction.    (Real Prop. Law, § 442-d, as amd. by Laws of 1926, chap. 831.)    No such point was mentioned at the trial, and, as I have shown, it was not even suggested.    Under these circumstances we may well infer that the defect was merely formal and one which might have been corrected had attention been called thereto (see *Ramsay v. Miller*, 202 N. Y. 72) and must be disregarded on appeal.

As to the consideration that the consummation of this transaction by plaintiffs unless they were duly licensed may have been a misdemeanor, I may say that this was a civil trial in which defendant was at liberty to raise any point to defeat plaintiffs' cause of action. Not having raised the point, now presented on appeal for the first time, as to a matter of formal defect in pleading or proof, we may not, in my opinion, indulge in conjecture concerning a possible illegality.

Judgment affirmed, with twenty-five dollars costs.

Present — BIJUR, O'MALLEY and LEVY, JJ.

LEVY, J. (dissenting).    I consider this cause clearly within the inhibition of the Real Property Law.    Section 442-d of the Real Property Law (as amd. by Laws of 1926, chap. 831) distinctly provides: " No person, copartnership or corporation shall *bring* or *maintain* an action in any court of this state for the recovery of compensation for services rendered,    *    *    *    in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without *alleging* and *providing* [proving] that such person was a duly licensed real estate broker or real estate salesman on the date *when the alleged cause of action arose.*"    The very next section, namely, 442-e (as amd. by Laws of 1926, chap. 831) makes the violation of this statute a misdemeanor and provides for an additional penalty.    In no uncertain terms, therefore, the Legislature prohibited such an action as this unless the one seeking recovery made due

compliance with certain requirements of the enactment. This the plaintiffs here utterly failed to do, and they were, therefore, without right of recovery.

I have reason to know that my brothers were influenced largely by *Wood* v. *Ball* (190 N. Y. 217); *Johnston* v. *Dahlgren* (166 id. 354); *Schnaier & Co.* v. *Grigsby* (132 App. Div. 854; affd., 199 N. Y. 577), but I contend that they bear no analogy whatever. Indeed, they would have complete force if it were not for section 442-d, in view of which I dissent and vote to reverse.