GEORGE BLANK, Plaintiff, *v.* ALBERT J. LONGENBERGER, Defendant.*

City Court of Buffalo, May 8, 1928.

Brokers — real estate broker — action for commission — in event premises were sold by defendant or any other person, defendant agreed to pay plaintiff commissions — defendant sold premises without knowledge or consent of plaintiff — action does not lie for breach of contract — fact that " For Sale " sign was removed one month after it was placed on house, does not warrant finding that plaintiff had voluntarily surrendered his contract — plaintiff's failure to allege and prove he was licensed real estate broker precludes recovery — Real Property Law, § 442-d, bars action unless there be allegation and proof that person suing is licensed broker — amendment of complaint not permitted — complaint dismissed.

This is an action for commissions under a contract providing that in the event plaintiff, a real estate broker, found a purchaser for defendant's premises, or in the event said premises were sold by defendant or any other person during the

---

* Revd., 133 Misc. 32.

term of plaintiff's agency, in consideration of the services to be rendered by plaintiff, defendant agreed to promptly pay plaintiff " a commission of three per cent on " selling price. The premises were sold without plaintiff's knowledge, notwithstanding the fact that the plaintiff entered upon the performance of the contract, and, as he claims, rendered services and expended money in performance thereof.

The action is properly brought as one for commissions. An action for breach of contract does not lie under the circumstances.

The fact that the " For Sale " sign was removed one month after it was placed on the house does not warrant a finding that the plaintiff had voluntarily surrendered his contract.

However, plaintiff's failure to allege and prove that he was a licensed real estate broker, under the laws of this State, bars his recovery of commissions, and the fact that he was permitted on trial to amend his complaint and supply proof to substantiate the amendment as to his license, does not permit recovery, since section 442-d of the Real Property Law bars an action for real estate brokerage commissions unless the complaint alleges and the proof shows that the person suing for commissions is a licensed broker.

The requirements of section 442-d of the Real Property Law are jurisdictional, and this is one of those cases where amendments cannot be permitted to supply deficiencies in a pleading; therefore, the complaint must be dismissed.

ACTION by real estate broker for commissions.

*Harding & Harding* [*Frank Harding* of counsel], for the plaintiff.

*Alfred L. Harrison*, for the defendant.

HARTZELL, J.   This is an action by the plaintiff to recover from the defendant commissions which he claims to have earned by reason of his employment by the said defendant as a real estate broker to effect a sale or exchange of certain premises owned by defendant, located at 33 Midway avenue, in the city of Buffalo, by virtue of a certain contract in writing made on the 1st day of May, 1926, wherein the plaintiff was granted the sole and exclusive right and agency to offer said premises for sale or exchange; that the said contract provided that, in case plaintiff found a purchaser for said premises for the sum of $6,800 in cash, or at a different price and terms acceptable to defendant, or in the event of said premises being sold by the defendant or any other person during the term of said agency, the defendant promised to pay said plaintiff a commission of three per cent on said selling price. It was further agreed that the power of authority given by said contract could be revoked by the defendant at any time after six months from the date thereof by said defendant giving plaintiff one month's written notice of such revocation.

The complaint further alleges that the plaintiff entered upon the performance of said contract, and rendered services and expended money in the performance thereof, and that, while said contract was still in force, the defendant conveyed said premises on or about the

6th day of July, 1926, for the price of $6,800, without the knowledge or consent of the plaintiff, and that by reason thereof the defendant became indebted to plaintiff for the sum of $204 as his commission by reason thereof.

The answer of defendant admits so much of paragraph " second " of said complaint, wherein it is alleged that plaintiff and defendant entered into a contract whereby the plaintiff was authorized by the defendant to offer for sale said premises mentioned therein, and also admits so much of paragraph " fourth," wherein it is alleged that the said premises had been sold. The answer further sets out a general denial of every other allegation in said complaint contained.

At the close of plaintiff's case the defendant moved for a dismissal of the complaint upon the grounds that the plaintiff had failed to allege and prove that he was a duly authorized and licensed real estate broker, in accordance with the laws of the State of New York. Upon application of the plaintiff the court granted an amendment to the complaint setting forth said allegation, with the privilege that the plaintiff supply proof thereof, which additional evidence was offered by the plaintiff on the day following the day of the trial. An exception was granted to defendant, with the provision that the court would receive the motion upon its consideration of the entire case.

At the close of the evidence in the case the defendant again moved to dismiss the complaint upon the same ground heretofore alleged, and also upon the further grounds that the plaintiff had mistaken his cause of action, in that he brings the action to recover for commissions earned, and that such right exists only when plaintiff procures the purchaser of the property, and, in the case at bar, the broker not having procured the purchaser, his only claim, if any, against the defendant would be for damages sustained for breach of contract, and also on the further ground that plaintiff had failed to make out any cause of action against the defendant upon the claim for commission or otherwise.

The brokerage contract in question, dated May 1, 1926, was duly received in evidence, and the evidence, briefly stated, showed that thereupon the plaintiff put a " For Sale " sign upon the house and advertised the same for sale in the daily papers, and that he procured a number of prospective customers to whom he showed the property. Furthermore, it was established that no written notice terminating the contract had ever been served upon the plaintiff by the defendant, as required by the terms thereof.

It appears that in June the property was conveyed by the defendant to said purchaser by deed dated July 6, 1926, for the price of $6,500. It also appears this purchaser was a neighbor of the

defendant, and had known him for some period of years, but that he had never spoken to the defendant about purchasing the property, neither had the defendant spoken to him about this subject, until after the employment of plaintiff by defendant as a broker, and then entered into said brokerage contract. The purchaser says that he knew the house was for sale when he went over there, which was after the plaintiff had put the " For Sale " sign on the house, but when he moved in the property on June sixteenth the " For Sale " sign was no longer on the premises. He states positively he saw the " For Sale " sign on the property at one time, but that was before he began to talk about buying the house.

In reference to the claim of the learned counsel for defendant that the action should be one for damages for breach of contract and not for commission, he cites the case of *Slattery* v. *Cothran* (210 App. Div. 581, 583). In that case the court says the general rule is that " Where an exclusive right of sale is given a broker, the principal cannot make a sale himself without becoming liable for the commissions. (*Moses* v. *Bierling*, 31 N. Y. 462; *Levy* v. *Rothe*, 17 Misc. 402; 9 C. J. 622.) But where the contract is merely to make the broker the sole agent, the principal may make a sale himself without the broker's aid, if such sale is made in good faith and to some purchaser not procured by the broker. (*McClave* v. *Paine*, 49 N. Y. 561; *Parkhurst* v. *Tryon*, 134 App. Div. 843; *Davis* v. *Van Tassel*, 107 N. Y. Supp. 910; 9 C. J. 622.)"

The court says: " We think the plaintiffs have mistaken their remedy in this action. It was brought to recover commissions on a sale made by another agent. These plaintiffs did not procure the purchaser to whom the property was sold, and, therefore, under the terms of the contract, cannot claim commissions for this sale. If they have a cause of action it is for breach of the contract because in violation of its terms a sale was made to a stranger through another agent, whereby plaintiffs sustained damages."

The evidence in said case established the facts to be that the defendants employed plaintiffs' firm as sole agent to sell. The agency was to continue one year from date and thereafter until the vendors gave thirty days' written notice of revocation. The contract also contained the following provisions: " In the event of a sale being made during the time covered by this listing, or afterwards to a customer procured during said time by said agents, I agree to pay said agents a commission of five per cent. * * * of sale price. I agree that said property shall not be offered for sale at a less price or on more liberal terms than herein stated without first giving said Slattery & Averell an opportunity to do likewise."

I am of the opinion that the rule in the *Slattery* v. *Cothran* case

does not apply to the instant case before the court. The contract in the case at bar is different from that of the above-mentioned case, for the provisions of the contract in the instant case provide as follows: " In the event of plaintiff finding a purchaser for the said premises for $6,800.00 cash, or at a price acceptable to me, or in the event of said premises being sold by me, the defendant, or any other person during the term of plaintiff's agency, in consideration of said services to be rendered by said plaintiff, George Blank, *I hereby agree to promptly pay him a commission of three per cent of the selling price."*

It will be noted that this agreement is entirely different from that contained in the contract in the above-mentioned case, cited by the defendant. I, therefore, find that in the instant case the action is properly brought as one for commissions, and that an action for breach of the contract herein does not lie, under the circumstances of this case.

Upon the disputed questions of fact in this case I find in favor of plaintiff herein. The defendant claims that the brokerage contract was not filled out at the time he signed it. This is denied by the plaintiff, and I find in favor of plaintiff on that point. Furthermore, the proposition is advanced by the defendant that the " For Sale " sign placed upon the premises by the plaintiff was later taken down about a month thereafter by the plaintiff. Upon examination of plaintiff in rebuttal his statement was not denied. It apparently was an oversight, and I do not attach the significance to it that the defendant claims. I find it cannot be taken as an admission that the plaintiff had voluntarily surrendered his agency as claimed for by the defendant simply by that fact alone. All the other evidence in the case counteracts such a conclusion.

The important question in the case is the one raised by the learned counsel for the defendant, wherein he argues that the failure of plaintiff to allege and prove that he was duly authorized and licensed by the State of New York to do business as a real estate agent bars him from this action. I have given careful consideration to the question, and am of the opinion that such omission on the part of the plaintiff deprives him of his right to recover of the defendant the commissions claimed in the case at bar. In support of his proposition, the learned counsel for the defendant cites the case of *Lyons* v. *Nebco Realty Corporation* (128 Misc. 458, 459). That was an action wherein plaintiff sued for commissions as real estate broker, and did not show at the trial that he was licensed, as required by the Real Property Law (§ 442-d, added as § 442-e by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579; renum. § 442-d by Laws of 1926, chap. 831). Judgment was

entered for plaintiff, and defendant appealed. The court at the Appellate Term sustained the judgment, but upon the ground that, the objection not having been raised at the trial, it must be disregarded on appeal, notwithstanding consummation of the transaction by an unlicensed broker may be a misdemeanor. The court says: " As to the consideration that the consummation of this transaction by plaintiffs unless they were duly licensed may have been a misdemeanor, I may say that this was a civil trial in which defendant was at liberty to raise any point to defeat plaintiffs' cause of action. Not having raised the point, now presented on appeal for the first time, as to a matter of formal defect in pleading or proof, we may not, in my opinion, indulge in conjecture concerning a possible illegality."

The court in the *Lyons* case apparently does not pass upon the precise question involved in the instant case, except inferentially. Mr. Justice LEVY in said case, writing the dissenting opinion, holds in an action of this kind that, unless plaintiff complies fully with the requirements of the statute, he is unable to recover. In reference to this section the learned justice says, in quoting section 442-d of the Real Property Law (as amd. by Laws of 1926, chap. 831): " The very next section, namely, 442-e [added by Laws of 1922, chap. 672, amd. by Laws of 1924, chap. 579, § 9, and renum. by Laws of 1926, chap. 831], makes the violation of this statute a misdemeanor and provides for an additional penalty. In no uncertain terms, therefore, the Legislature prohibited such an action as this unless the one seeking recovery made due compliance with certain requirements of the enactment. This the plaintiffs here utterly failed to do, and they were, therefore, without right of recovery."

In dissenting, Mr. Justice LEVY holds that the judgment for the plaintiff should have been reversed by the court, notwithstanding the fact that there were no objections raised at the trial. In the absence of the necessary allegation and proof, and that the same not having been made, no right of recovery existed, and, therefore, the affirmation of the judgment was in error; in other words, the court could not clothe the plaintiff with rights that he did not legally possess, and that the failure of the defendant to properly enter objections at the trial should not accomplish that result. The section in question of the Real Property Law provides as follows: " No person, copartnership or corporation shall bring or maintain an action in any court of this State for the recovery of compensation for services rendered, in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker

or real estate salesman on the date when the alleged cause of action arose."

It is apparent, therefore, that an action of this kind will not lie unless the plaintiff alleges and proves that he is a duly licensed broker on the date when the alleged cause of action arose. The omission of plaintiff in the case at bar to allege in his complaint that, at the time the cause of action arose, he was a duly licensed real estate broker and to offer proof to sustain such allegation, is a defect in pleading and proof that is jurisdictional in an action of this kind. In other words, without such allegation in his complaint, and with proof thereof, upon the trial he has no standing in court, and the court has no jurisdiction of the subject-matter of the action. The last section in the Real Property Law quoted means what it says, and I do not see how a legal understanding of the same can be given to it to change the light and intent of the legislative act in this respect. The section fixes, first, a penalty for the omission to make such allegation and proof, that is, defeats the right of recovery, and by section 442-e (added as § 442-f by Laws of 1922, chap. 672, as amd. by Laws of 1924, chap. 579, and renum. § 442-e by Laws of 1926, chap. 831, and amd. by Laws of 1927, chap. 107), referred to above, a further penalty is added by making such an omission a misdemeanor. The basis of the legislative intent in this respect is to be found in the natural interpretation of these various sections, that it became necessary for the protection of our citizens, especially of the working class, who by their labor and thrift had been able to acquire homes of their own, from the operations of persons unauthorized to act as brokers in connection with real estate transactions. It is well known that many such persons found a fertile field for their operations in dealing with citizens of small means who are not acquainted with business methods or real estate transactions, to their detriment and loss, and it was deemed necessary that some strict regulation and oversight on the part of the Legislature was necessary in this matter, and hence the enactment of the statute above quoted. The necessity of complying with the requirements of said section 442-d, as being the basis of a right to recovery in an action of this kind, is further supported by various cases involving the same principle. The statute in reference to the licensing of plumbers was discussed in the case of *Johnston* v. *Dahlgren* (166 N. Y. 354, 358). That was an action for the foreclosure of a mechanic's lien by a firm engaged in the plumbing business, without any allegation or proof that they had complied with the statute in reference to being registered as licensed plumbers. The court, discussing the case, said: " If it was made unlawful for them to carry on their business, without having previously registered their names and

addresses with the board of health, they certainly were disabled from compelling payment for work performed by them in violation of the statute.''

In the action of *Wood & Selick* v. *Ball* (190 N. Y. 217, 225), which was an action by a foreign corporation that failed to comply with section 15 of the General Corporation Law, such section providing that foreign corporations in order to bring an action in this State must comply with the said section, the court, in discussing the action, said: '' We think that compliance with section 15 of the General Corporation Law should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this State. The cases holding otherwise should be regarded as overruled and the conflict of authority ended.''

Also to the same effect is the case of *Schnaier & Co.* v. *Grigsby* (132 App. Div. 854; affd., 199 N. Y. 577), which was one where an action to foreclose a mechanic's lien was brought by a plumbing firm in the city of New York, wherein the plaintiff had failed to plead and prove that it had a license and was registered, as required by the Laws of 1896. In the latter case the court says: '' Thus registration is made a condition precedent to the right to engage in the business, and as such must be pleaded and proven as a part of the plaintiff's affirmative case, and the absence of such an allegation renders the complaint demurrable.''

In reversing the judgment the Appellate Term (61 Misc. 325) held that chapter 803 of the Laws of 1896, requiring registration of employing plumbers in the city of New York, is constitutional, and that it shall not be lawful for any person to carry on the business of plumbing in the city of New York unless duly registered as the act provides.

While the learned counsel for the plaintiff admits that the statute requires, in an action of this kind, that the plaintiff allege and prove that he has complied with the requirements of the same, he claims, notwithstanding, that said matter may be furnished by amendment to the pleading and supported by proof at the trial. It is his contention that the action is commenced by the issuance and service of the summons, and that the complaint itself and the allegations thereof have nothing to do with the bringing of the action, that the action having been thus instituted, and if it happens that some material allegation of the cause of action is wanting in the complaint the same may be supplied by amendment and the omission thus corrected.

It is true that, under the liberal view now obtaining in practice as to the matter of pleading, amendments are granted to supply

deficiencies and to properly frame the issues to be tried. But it is not a general rule. In many instances amendments cannot be made, and the amendment in question as to the allegation required by said section 442-d of the Real Property Law is one which cannot by law be allowed. The statute itself defines, in this respect, what must be done. It says no action shall *be brought and maintained* without alleging and proving that the person suing is a licensed real estate broker.

Granting, as the learned counsel for the plaintiff contends, that the bringing of the action is accomplished by the issuance of the summons, yet, as the statute forbids the bringing of an action unless the required allegation is made, it is, therefore, mandatory that the allegation accompany the summons. The language of the statute is that no action shall be " brought " or maintained. If the language used had been only that no action shall be " maintained," there might be some authority for the argument that, in the absence of a necessary allegation in the complaint, the same could be supplied by amendment at the trial. But the intent of the legislative action is made manifest by the use of the words " brought and maintained." The verb " to bring " is defined by the Standard Dictionary as follows: " To cause to come or be as a result. To be the active cause of, as to bring a suit."

Webster defines the word: " To be the active cause of, as to bring a suit against one; " also further describing the words " to bring on " as: " *to cause to begin,* as to bring on an action."

Hence the word as used in the statute has the meaning and significance of the word " begin " or " commence." To bring is to cause to be, as defined above; that is, to begin or commence. Therefore, the meaning and import of the statute is that no action shall be begun or commenced unless the plaintiff alleges and proves the facts required thereby.

It is true that an action is commenced by the issuance and service of the summons. (Buffalo City Court Act [Laws of 1909, chap. 570], § 23.) The said section requires the defendant to appear and answer *the plaintiff's complaint.* Section 27 states that the pleadings shall consist of a complaint by plaintiff and an answer by defendant. So, in order to bring and maintain an action, something more must be done by a plaintiff than to issue and serve the summons. He must file his complaint, setting forth his cause of action, and serve a copy of the same upon the defendant or his attorney.

In the instant case, in addition to the sections of the statute requiring, *first,* the obtaining of a license, and, *second,* the requirement that no person shall bring or maintain an action without alleging and proving himself to be a duly licensed real estate broker,

the Legislature has deemed fit to add, *third,* another section (442-e) which declares that any person who violates any provision of the article shall be guilty of a misdemeanor. The cases make a distinction between statutes that require a license for revenue purposes merely, and those which are enacted with the view of protecting the public. In the former instance a contract made by a person failing to secure a license is generally held to be valid; and, in the latter, the same is generally deemed invalid.

It is manifest that this is not a statute for the purpose of revenue only, but is one concerned with the matter of the public welfare; in other words, it invokes the question of public policy. The failure to comply with the statute is a misdemeanor. This fact shows how seriously the mind of the Legislature regards the subject in general. It also throws light upon the intent and meaning of section 442-d in question; that is, that every action by a real estate broker is prohibited at the outset unless he alleges and proves he has duly obtained his license. Without such allegation the action cannot be brought. The statute speaks in language so plain that it is not to be misunderstood. If this is not so, then the plan and purpose of the legislative action in this respect is useless. It is a waste of time and effort, and the whole object of the Legislature is set aside.

Without section 442-d, a real estate broker bringing an action to recover commissions for the sale of real estate, and failing to allege and prove that he is a duly licensed broker, could, upon application to the court, amend his pleading and submit his proof. This would be in pursuance of the general practice recognized by the courts. It is a custom grown into law, and widely recognized. Of such practice the Legislature must be presumed to have had cognizance, and that the sections of the law were drawn to meet this situation and to prevent such a practice; in other words, the section is prohibitive. It denies one the right to bring an action unless he complies with the requirements of the statute.

And the reason of this prohibition is plain. It involves the public welfare. And the Legislature, in the exercise of its judgment, deemed it necessary to safeguard the public interests and the welfare of its individuals to the extent of prescribing the restrictions and penalties the said sections provide. The underlying purpose of such legislative action was to correct and prevent abuses that had grown up from the practices of irresponsible and ofttimes unscrupulous persons posing as real estate brokers of repute and standing, to the injury of confiding persons of small means and limited understanding.

There are many vocations and professions where licenses are required by governmental authority before persons engaged therein may pursue their respective callings. For example, if a member of

Surrogate's Court, Rockland County, June, 1928. [Vol. 132

the legal profession begins an action to recover for professional services, his complaint starts with the usual allegation that he is a duly authorized attorney at law, licensed to practice his profession as such attorney in the courts of the State. In case he should omit such allegation from his complaint, and merely set forth his employment and rendition of services, the missing and necessary allegation as to his said qualification may be supplied by amendment to his complaint.

Under the general practice, adverted to above, the same privilege of amending his complaint would be possessed by the real estate broker in his action to recover commissions, *if the Legislature had not said differently.* It speaks through section 442-d in question, and says no such action shall be brought and maintained except on the condition that the plaintiff allege (and prove) that he is duly licensed. There is no such prohibitive statute as section 442-d in the case of an attorney at law, but there is in the instance of a real estate broker. There must be some reason for this discrimination, and the reason is that in the latter case the Legislature deemed it expedient for the public good.

In view of the foregoing, I find that the omission of the plaintiff to allege in his complaint in the first instance that he was a duly licensed real estate broker, and prove the same at the trial, is a bar to his recovery in this action; that the requirement of the statute in such respect is jurisdictional, since it declares that no person shall bring or maintain an action without alleging and proving the fact of his being duly authorized to pursue the business of a real estate broker at the time of making the contract; that no amendment to the pleading can be made at the trial, as the statute, by plain implication, if not in specific words, prohibits such procedure, and the court is bound by the intent of the Legislature thus expressed.

Judgment, therefore, is rendered in favor of the defendant and against the plaintiff of no cause of action dismissing the complaint upon the merits, together with the costs and disbursements herein.