GEORGE BLANK, Appellant, v. ALBERT LONGENBERGER, Respondent.*

Supreme. Court, Erie County, October 22, 1928.

APPEAL by plaintiff from a judgment of the City Court of Buffalo.

*Harding & Harding* [*Frank Harding* of counsel], for the appellant.

*Alfred L. Harrison*, for the respondent.

NOONAN, J. This is an appeal from a judgment of the City Court of Buffalo in favor of the defendant against the plaintiff. The plaintiff is a duly licensed real estate broker, and the defendant was formerly the owner of the premises known as 33 Midway avenue in the city of Buffalo. On or about May 1, 1926, the parties entered into a written contract, by which the defendant gave the plaintiff " the sole and exclusive right and agency to offer said premises for sale or exchange." The price was stated, but the agreement provided that a different price and terms could be made between the parties. It also provided that in the event of said premises being sold by any person other than the plaintiff herein during the term of the agency, the defendant agreed to pay

* Revg. 132 Misc. 374.

him the commission of three per cent on the selling price. This agreement was to continue for six months unless revoked. It never was revoked, although it could have been by one month's written notice of revocation. While the agreement was in force the defendant sold and conveyed said premises to one Nielson for $6,500. After getting his contract for the sale of the property, the plaintiff advertised it for sale and took such parties as he could get hold of to look over the premises, but he was not directly the procuring cause of the sale.

At the opening of the trial the counsel for defendant moved to dismiss the complaint on the ground that it failed to allege, as required by section 442-d of the Real Property Law,* that the plaintiff was a duly licensed real estate broker. The counsel for the plaintiff thereupon moved to amend the complaint by alleging that the plaintiff " was at that time a regularly authorized and licensed real estate broker." This amendment was allowed and the trial proceeded. This was the proper practice under section 32 of the Buffalo City Court Act (Laws of 1909, chap. 570), and in accordance with the spirit and provisions of the Civil Practice Act (§§ 105, 109).

Upon the trial it was clearly established that the plaintiff was a duly licensed broker, and after finding all the facts in favor of the plaintiff, the trial court dismissed the complaint " upon the merits," upon the sole ground that the failure of the plaintiff to allege in his original complaint that he was a duly licensed real estate broker was jurisdictional, and that he had no power to allow an amendment. (See 132 Misc. 374.) The dismissal of the complaint " upon the merits " is reversible error. Where a mistake is made in the pleadings, the plaintiff should not be barred from beginning a new action upon proper pleadings, and the judgment should have been one of nonsuit without prejudice to this right to bring a new action.

I am also of the opinion that the reason given for the dismissal is not a sound one. The provisions of the Real Property Law are designed to protect the public from irresponsible and unscrupulous real estate brokers, and are not intended to regulate practice. The statute provides that he must " allege and prove " that he is a " licensed " broker, but there can be no " proof " before the trial.

There is no positive requirement of the City Court Act that the complaint shall be served with the summons. Under section 23 (as

---

* Added as § 442-e by Laws of 1922, chap. 672, and amd. by Laws of 1924, chap. 579; renum. § 442-d by Laws of 1926, chap. 831, and amd. by Laws of 1927, chap. 107.— [Rep.

amd. by Laws of 1917, chap. 477) it is permissible to serve the summons only with a statement of the amount for which the plaintiff will take judgment if the defendant fails to appear and answer. The defendant was in no way prejudiced by the omission of the allegation from the original complaint. His defense was the same in both cases. If he had been prejudiced, his proper remedy was to ask for an adjournment, in order to prepare himself for the changed situation. This was not done and the trial proceeded to a close as if the proper allegation had been in the complaint served.

Under the contract between the parties the plaintiff is entitled to recover. (*Slattery* v. *Cothran,* 210 App. Div. 581, and cases cited.) Under section 55 of the City Court Act (as amd. by Laws of 1916, chap. 428) the appellate court may "grant to either party the judgment which the facts warrant." As the facts are in favor of the plaintiff, the judgment must be reversed, with costs, and judgment must be ordered for plaintiff against defendant for $220.93, and an order may be entered accordingly.